UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-23089-MOORE-D'ANGELO

CHRISOTPHER KOSACHUK,

    Plaintiff

v.

9197-5904 QUEBEC, INC.,

    Defendant
_____/



# RENEWED[1] MOTION TO REMAND

Christopher Kosachuk, *pro se*, hereby moves to remand this case back to state court. In support, Mr. Kosachuk states:

## INTRODUCTION

1. This action involves the untimely removal of a $1,187,894.49 judgment (the "FitzSimon Judgment") entered by the Honorable Jean K. FitzSimon on March 24, 2015 in the United States Bankruptcy Court for the Eastern District of Pennsylvania and domesticated in 11th Judicial Circuit in and for Miami-Dade County, Florida on October 26, 2023. [D.E. 1 pp. 12-18].

2. The FitzSimon Judgment was twice affirmed by both the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit. Indeed, the Notice of Removal attached the scathing opinion and judgment of the Third Circuit where Appellant Quebec was taxed with costs in addition to the findings of

---

[1] Renewed because the original motion to remand [Doc. 9] was timely filed on August 27, 2024, just two weeks after the Notice of Removal was filed but denied as moot on October 32, 2024 [Doc. 17] when this Court correctly dismissed this case *sua sponte*. The Court re-opened this Case on November 5, 2024 [Doc. 19] and thus this motion is also timely filed within 30 days of the reopen and should be summarily granted.

bad faith being affirmed. [*See* D.E. 1 pp. 134-144 and attached hereto as Exhibit 1, (the "Third Circuit Judgment")].

3. This removal was filed in bad faith because as stated by Defendant Quebec, its "position is that this Court has jurisdiction, the judgment Plaintiff seeks to enforce is not enforceable, was never properly served, and is otherwise uncollectible pursuant to a federal bankruptcy court order". [*See* Doc. 18 p.11]. These allegations are demonstrably false and proven so after reading the Third Circuit Judgment.

4. The FitzSimon Judgment is valid, enforceable, unstayed and unassailable.

5. This notice of removal is the latest ploy to delay the execution of the FitzSimon Judgment and is simply untimely having been filed over 9 months late.

6. The removal was filed because the Honorable Peter Lopez was set to hear Mr. Kosachuk's Motion for Writ of Execution [*See* D.E. 1 pp. 114-129] and Motion to Strike Sham Filings [*See* D.E. 1 pp. 130-144] on August 15, 2024 at 9:00AM.

7. Quebec and Ms. Hazan, and her shill, Raymond Houle, filed the involuntary bankruptcy in Philadelphia in bad faith which resulted in the FitzSimon Judgment for punitive damages, in excess of $1 million, as confirmed by the Third Circuit Judgment and now filed this removal in bad faith.

8. Their bad faith will continue until the Courts sanction them as well as their attorneys of record in this case severely as the FitzSimon Judgment appears to be insufficient.

## MEMORANDUM OF LAW

### This Proceeding is NOT Related to a Case Arising Under Title 11

9. Quebec wrongfully claims that the FitzSimon Judgment is related to a pending

bankruptcy when it is not.

10. Quebec claims "this proceeding is related to the pending case before the honorable [*sic*] Chief Judge K. Michael Moore also titled *Chris Kosachuk v. 9197-5904 Quebec, Inc.* case 18-mc-25369-KMM". However, this case is **not** a bankruptcy and Quebec, Ms. Hazan and their attorneys know full well this case is not related to a pending bankruptcy.

### The Removal is Untimely

11. The State Court Litigation was proceeding in the 11th Judicial Circuit in and for Miami-Dade County.

12. The Notice of Removal was untimely filed on August 13, 2024, almost 10 months after the Florida domestication was filed on October 26, 2023.

13. On October 31, 2024, this Court correctly dismissed this case *sua sponte*. The Court re-opened this Case on November 5, 2024 [Doc. 19] and thus this renewed motion to remand is also timely filed.

14. Quebec claims that it "was never served with the State Court Summons and Complaint" which is demonstrable false because there was no Summons and Complaint. It was the recording of a foreign judgment, served by the Miami-Dade County Clerk directly on Quebec and its principal, Elizabeth Hazan and Attorney Aresty, moved in Florida State Court on November 13, 2023 for a stay of the FitzSimon Judgment and to quash the Notice of Filing of the Foreign Judgment". [*See* D.E. 1 pp. 19-26].

15. Attorney Aresty, on behalf of Quebec, also recorded a lis pendens with respect to the FitzSimon Judgment on November 13, 2023. [*See* D.E. 1 pp. 90-93].

16. Also, on November 13, 2023 in Florida State Court, Ms. Hazan, Quebec's

principal, moved to quash the recording of the FitzSimon Judgment in Florida.

17. 28 U.S.C. 1446(b)(1) reads: The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

18. Based on the timeline above, the Notice of Removal was clearly untimely.

Movant consents to the adjudication and disposition of this Motion to Remand by the Magistrate Judge assigned to this case.

## **CONCLUSION**

This is a textbook case for remand as there is no basis in fact or law or jurisdiction for this action to proceed in the District Court.

**WHEREFORE**, for the reasons set forth above, Mr. Kosachuk respectfully requests that the Court grant his Motion to Remand, issue an order to show cause why Quebec, its principals, Elizabeth Hazan, Sean Neil Meehan and Raymond Houle, and their attorneys, Joel Aresty and Todd Mosser should not be sanctioned for a bad faith and frivolous notice of removal, and grant such other and further relief as the Court deems appropriate

Dated: 2nd day of December, 2024.

Respectfully submitted,

Plaintiff Christopher Kosachuk's Renewed Motion to Remand
Case No. 24-CV-23089-MOORE-D'ANGELO
Page 5 of 6

|  | Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 21st day of November, 2024.

|  | <br><br>Christopher Kosachuk<br>*Pro Se Movant, Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## SERVICE LIST

### Via CM/ECF/Email

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc.
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc.
todd@mosserlegal.com

# EXHIBIT 1

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-2216

IN RE: JOHN DOE,
     Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
     Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2018

Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges.

JUDGMENT

  This case came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit L.A.R. 34.1(a) on March 15, 2018.

  On consideration whereof, it is now hereby ORDERED and ADJUDGED by this Court that the Order of the District Court entered on April 18, 2017 is hereby

AFFIRMED.  Costs taxed against Appellant.  All of the above in accordance with the Opinion of this Court.

ATTEST:

s/ Patricia S. Dodszuweit
Clerk

Dated:  March 15, 2018

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**  
**CLERK**

UNITED STATES COURT OF APPEALS  
FOR THE THIRD CIRCUIT  
21400 UNITED STATES COURTHOUSE  
601 MARKET STREET  
PHILADELPHIA, PA 19106-1790  
Website: www.ca3.uscourts.gov

TELEPHONE  
215-597-2995



March 15, 2018

John Doe  
N/A

Todd M. Mosser  
1500 John F. Kennedy Boulevard  
Two Penn Center Plaza  
Suite 1723  
Philadelphia, PA 19102

In re: John Doe  
Case Number: 17-2216  
District Case Number: 2-15-cv-04870

ENTRY OF JUDGMENT

Today, **March 15, 2018** the Court entered its judgment in the above-captioned matter pursuant to Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:  
14 days after entry of judgment.  
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:  
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App.

P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service.
Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. Pursuant to Fed. R. App. P. 35(b)(3), if separate petitions for panel rehearing and rehearing en banc are submitted, they will be treated as a single document and will be subject to the form limits as set forth in Fed. R. App. P. 35(b)(2). If only panel rehearing is sought, the Court's rules do not provide for the subsequent filing of a petition for rehearing en banc in the event that the petition seeking only panel rehearing is denied.

A party who is entitled to costs pursuant to Fed.R.App.P. 39 must file an itemized and verified bill of costs within 14 days from the entry of judgment. The bill of costs must be submitted on the proper form which is available on the court's website.

A mandate will be issued at the appropriate time in accordance with the Fed. R. App. P. 41.

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.


Very truly yours,
Patricia S. Dodszuweit, Clerk

By: s/ *Marianne/arr*, Legal Assistant
Direct Dial: 267-299-4911

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2216
_____

IN RE: JOHN DOE,
Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone

_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 15, 2018

_____

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges.

(Filed: March 15, 2018)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

9197-5904 Quebec, Inc. ("Quebec") appeals, for the second time, from an order denying Quebec's motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(1). Because the District Court did not abuse its discretion in denying such relief, we will affirm.

I

Quebec filed an involuntary bankruptcy petition against John Doe, which the Bankruptcy Court dismissed. Doe then filed a motion asking the Bankruptcy Court to declare Quebec's petition to be in bad faith and for damages. Quebec failed to appear at the hearing on the motion allegedly due to the then-hospitalization of Quebec's representative, and on March 24, 2015, the Bankruptcy Court granted the motion and awarded approximately $1 million in punitive damages. Quebec then retained its current counsel. Twenty-one days after the appeal deadline passed, Quebec sought an extension of time for filing the appeal, asserting that it did not receive a copy of the Bankruptcy Court's March 24, 2015 order. The Bankruptcy Court denied the extension request. Quebec appealed that ruling to the District Court, and that same day, it received notice that it needed to file a designation of portions of the Bankruptcy Court record for the appeal by September 8, 2015. Quebec failed to do so, and the District Court dismissed the appeal on September 30, 2015 without an opinion. Quebec asserts that it failed to timely file the designation due to its counsel's erroneous calendaring of the deadline as October 22, 2015.

On October 20, 2015, Quebec filed its designation of record and a motion for post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1) seeking to

vacate the District Court's September 30, 2015 dismissal of the appeal. The District Court denied the motion as "untimely" without an opinion. Quebec filed a motion for reconsideration under Rule 59(e) which the District Court also denied without an opinion. Quebec appealed. We vacated the District Court's order denying Quebec's second Rule 59(3) motion because the District Court did not analyze whether Quebec's prior Rule 60(b) motion was timely filed. In re Doe, 681 F. App'x 106, 108-09 (3d Cir. 2017) (not precedential). We remanded to allow the District Court to determine the motion's timeliness and, if timely, consider the merits of the motion under Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). Id. at 109.

On remand, the District Court again denied Quebec's Rule 59(e) motion, finding that the motion's timeliness was "questionable" and, even if timely, the prior Rule 60(b) motion nevertheless failed on the merits because the Pioneer factors demonstrated that Quebec had not shown "excusable neglect" warranting Rule 60(b)(1) relief. App. 10-14. Quebec appeals.

II[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). Our Court has jurisdiction pursuant to 28 U.S.C. § 1291. Doe argues that this appeal is untimely and that we therefore lack appellate jurisdiction. See Doe's June 12, 2017 Mot. to Dismiss ¶ 10. Doe is mistaken. The District Court entered its order denying Quebec's Rule 60(b) motion on April 18, 2017, and Quebec filed its notice of appeal on May 18, 2017, which is within the 30-day timeframe set forth in Fed. R. App. P. 4(a)(1)(A). See also Fed. R. App. P. 6(b)(1) (applying Rule 4(a)(1)(A) to bankruptcy appeals). Therefore, this appeal is timely, and Doe's motion to dismiss for lack of appellate jurisdiction is denied.

We review a district court's order denying a Rule 60(b)(1) motion for abuse of discretion, except with respect to issues of law, over which we exercise plenary review. McBride v. Int'l Longshoremen's Ass'n, 778 F.3d 453, 458 (3d Cir. 2015). An abuse of discretion occurs where the district court's order "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact" or where "no reasonable person would adopt the district court's view." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 181 (3d Cir. 2000) (citation and internal quotation marks omitted).

Under Rule 60(b)(1), a district court may relieve a party from an order if the order resulted from "excusable neglect."[2] Fed. R. Civ. P. 60(b)(1). The question of whether a party's "neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" George Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (citation omitted). In making this determination, courts consider: (1) "the danger of prejudice," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer, 507 U.S. at 395. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

---

[2] Rule 60(b) motions "must be made within a reasonable time" and "no more than a year after the entry of the judgment" from which relief is sought. Fed. R. Civ. P. 60(c)(1). Quebec does not challenge the District Court's conclusion that it was "questionable" whether the motion was made within a reasonable time.

'excusable' neglect," but excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.

The District Court applied the Pioneer factors, found that Quebec's failure to timely file a designation of record for its appeal—which resulted in the dismissal of the appeal—was not attributable to excusable neglect, and denied Quebec's Rule 60(b)(1) motion.[3] The District Court's ruling was not an abuse of discretion.

First, the reason for the delay weighs against finding excusable neglect. Quebec's counsel concedes that he had notice of the September 8, 2015 deadline for filing the designation of record but explains that the deadline was mis-calendared. The District Court aptly found that counsel's oversight could have been prevented through effective office procedures and reasonable diligence on the part of counsel in checking the bankruptcy docket. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322, 326, 328-31 (3d Cir. 2012) (concluding no excusable neglect based primarily on the reason for the delay factor where counsel's 29-day delay was caused by poor office practices,

---

[3] Quebec argues that the factors in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), support relief. However, the Poulis framework applies when a district court considers dismissing a case before trial. Quebec does not challenge the dismissal of its involuntary bankruptcy petition against Doe but instead seeks review of a post-judgment order—the bankruptcy court's ruling imposing damages for Quebec's bad faith filing of the petition. See Roberts v. Ferman, 826 F.3d 117, 123 n.5 (3d Cir. 2016) (stating that a district court must consider the Poulis factors before dismissing a case for failure to prosecute but no Poulis analysis is necessary when the district court "dismisses a post-trial motion"); Knoll v. City of Allentown, 707 F.3d 406, 408-11 (3d Cir. 2013) (holding that Poulis does not apply in the post-trial context); see also George Harms, 371 F.3d at 163 (applying the Pioneer factors to a Rule 60(b)(1) motion). Because Poulis does not apply in the post-judgment context, we reject Quebec's argument that the Poulis factors support its request for relief.

explaining that counsel should have discovered the error earlier, and noting authority from another circuit which held that counsel's mis-calendaring was not excusable); Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007), as amended (June 12, 2007) (holding no excusable neglect under Rule 60(b) where an attorney would have received notice of the order he untimely sought to challenge had he complied with the standing order to register with the electronic filing system).  Moreover, the District Court correctly observed that it was "difficult to excuse" counsel's incorrect recording of the September 8 deadline as October 22, "nearly two months after he filed the notice of appeal (and received the email notification)" and far beyond the fourteen-day deadline, in light of "the appellate practice [Quebec's counsel] professes to maintain." App. 11-12.  In addition, the District Court correctly rejected Quebec's argument that it could not be held responsible for its counsel's errors given the Supreme Court's clear statement that "clients must be held accountable for the acts and omissions of their attorneys," Pioneer, 507 U.S. at 396.

Second, the District Court did not abuse its discretion in finding that Quebec's delay prejudiced Doe and had a negative impact on judicial proceedings because "redress for the harm [to Doe] caused by Quebec's filing of an involuntary bankruptcy petition . . . has now been delayed for nearly five years," and the delay "undermin[ed] the expeditious administration of this litigation, which has already been protracted as a result of Quebec's dilatoriness." App. 13.  The District Court further noted that Quebec's delay was another example of its bad faith conduct exhibited throughout the underlying bankruptcy proceeding.  Quebec "fail[ed] to cooperate with [Doe], fail[ed] to appear at hearings, and

fail[ed] to appear at trial." App. 12-14 (citing In re Kosachuk, Bankr. No. 12-16438, slip op. (Bankr. E.D. Pa. Mar. 24, 2015)).

Although Quebec's present counsel was retained after the Bankruptcy Court issued its decision on Quebec's bad faith filing of the bankruptcy petition, reasonably diligent counsel entering at that late stage of the litigation would have reviewed the record, observed the history of dilatoriness and prior finding of bad faith, and ensured that future filings complied with all applicable rules and orders. See In re Cendant Corp. PRIDES Litig., 235 F.3d at 184; see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007) (concluding lack of good faith where a party had a history of delay). Therefore, the District Court did not abuse its discretion in concluding that Quebec has not shown excusable neglect that would entitle it to relief under Rule 60(b)(1).

### III

For the foregoing reasons, we will affirm.